IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No.   03-cv-270-WDM-BNB

MAURICE JAMES BUSH,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

**ORDER ON OBJECTION TO ORDER OF MAGISTRATE JUDGE**

Miller, J.

This matter is before me on Plaintiff Maurice James Bush's (Bush) objection to Magistrate Judge Boyd N. Boland's May 2, 2005 order denying Bush's motion for appointment of counsel.  Because the order concerns nondispositive matters, my review is limited to determining whether the order was clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A).  Under this standard, I must affirm unless I am "left with the definite and firm conviction that a mistake has been committed."  *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir. 1988).

The district court is vested with broad discretion in determining whether to appoint counsel.  *DiCesare v. Stuart*, 12 F.3d 973, 979 (10th Cir. 1993).  In determining whether to appoint counsel, the district court should consider factors including "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal

issues raised by the claims." *Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991). Where a plaintiff demonstrates a grasp of the issues and an ability to present his case, the court does not abuse its discretion in declining to appoint counsel. *DeCesare*, 12 F.3d at 979.

Here, according to a recording of the May 2, 2005 scheduling hearing, Magistrate Judge Boland denied Bush's motion after considering the required factors and explicitly finding that Bush had the ability to adequately present his case. In his objection, Bush simply notes his inability to afford counsel and provides conclusory assertions regarding the complexity of the case. Neither Bush's assertions nor my review of the recording of the scheduling hearing leave me with the definite and firm conviction that Magistrate Judge Boland made a mistake by denying Bush's motion for appointment of counsel.

Accordingly, it is ordered:

1. Plaintiff's objection, filed May 9, 2005, (Docket No. 73), is overruled.

2. Plaintiff's motion for an order to provide a transcript of the May 9, 2005 scheduling hearing, filed June 7, 2005 (Docket # 76), is denied as moot.

DATED at Denver, Colorado, on July 19, 2005.

BY THE COURT:

/s/ Walker D. Miller
United States District Judge